Citation Nr: 1629291 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 13-13 147 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for right foot, plantar fasciitis. 

2. Entitlement to an initial rating in excess of 10 percent for left foot, plantar fasciitis. 


REPRESENTATION

Appellant represented by: Missouri Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

J.N. Moats, Counsel


INTRODUCTION

The Veteran had active service with the United States Marine Corp from June 1981 to November 1981 and with the United States Army from February 2002 to September 2002 as well as service with the Army National Guard. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri, which granted service connection for bilateral plantar fasciitis and assigned initial separate 10 percent ratings. 

In May 2016, the Veteran testified at a Board video conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record. 

Since the issuance of a supplemental statement of the case (SSOC) in May 2015, additional evidence has been associated with the record, including VA clinical records dated from June 2016, that has not been considered by the Agency of Original Jurisdiction (AOJ). Nevertheless, although the Veteran has not waived AOJ consideration of this evidence, the Board finds no prejudice to the Veteran in proceeding with this remand as the AOJ will have the opportunity to consider such evidence on remand. 

In a September 2015 rating decision, the RO granted service connection for PTSD, effective December 19, 2014. In May 2016, the Veteran submitted a notice of disagreement (NOD) with respect to the effective date assigned. The AOJ has not issued a statement to the case with respect to this matter. However, the electronic Veterans Appeals Control and Locator System (VACOLS) also noted receipt of the NOD as to this claim. As VACOLS indicates additional action is pending at the RO, this situation is distinguishable from Manlincon v. West, 12 Vet. App. 238 (1999), where a NOD had not been recognized. As VACOLS reflects that the NOD has been recognized and that additional action is pending, Manlincon is not applicable at this time.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking initial higher ratings for his right foot plantar fasciitis and left foot plantar fasciitis. The Veteran was most recently afforded a VA examination in May 2015. At that time, the examiner described the Veteran's plantar fasciitis disability as mild discomfort over bilateral heels. However, in his March 2016, the Veteran indicated that his disabilities had increased in severity since the last VA examination. Moreover, at the Board hearing, the Veteran testified that he experienced pain, swelling and numbness. He reported that he could not walk and that surgery had been recommended. Based on the evidence of record, it is unclear what symptoms are attributed to his bilateral plantar fasciitis as opposed to his service-connected hallux rigidus and left and right knee disorders. Importantly, the VA examinations of record do not clearly delineate the symptoms associated with his bilateral plantar fasciitis or indicate whether the Veteran's bilateral plantar fasciitis is considered moderate, moderately severe or severe under the applicable rating criteria. While a new examination is not required simply because of the time which has passed since the last examination, VA's General Counsel has indicated that a new examination is appropriate when there is evidence of an increase in severity since the last examination. VAOPGCPREC 11-95 (1995). In light of the above, the Board finds that a new VA examination is necessary to determine the current severity of the Veteran's right foot plantar fasciitis and left foot plantar fasciitis. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded an appropriate VA examination to determine the current nature and severity of his service-connected right foot plantar fasciitis and left foot plantar fasciitis. 

2. Readjudicate the claims.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).